[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant, Attorney David B. Boyd, executor of the estate of Blanche H. Otto, appeals from the orders of the Woodstock Probate Court concerning the disapproval of certain attorney's fees and fiduciary's fees by that court. Anna Prihoda, Edmund Caplette, and Marion T. Donovan were named as appellees in this appeal.
On September 30, 1996, Marion Donovan moved for sanctions because of the appellant's failure to comply with a discovery request. On October 15, 1996, the court granted the motion for compliance and ordered a nonsuit to enter as of November 12, 1996, if noncompliance continued. The appellant never complied with the discovery order.
Appellee-Donovan maintains that the nonsuit judgment of November 12, 1996, applies to the entire action. The appellant argues that the nonsuit terminated the appeal only with respect to appellee-Donovan. The question before the court is whether a disciplinary nonsuit issued at the request of one defendant in an action ends the action with respect to all defendants.
Our Supreme Court answered this question, albeit implicitly, in the case of American Oil Co. v. Valenti, 179 Conn. 349 (1979). In that case, the plaintiff sued the principal and surety for CT Page 562-I default on a promissory note. The principal requested certain items of discovery and moved for sanctions when disclosure was lacking. The trial court entered a disciplinary nonsuit based on this nondisclosure after the court had ordered compliance. The surety contended that the entry of nonsuit with respect to the principal barred continuation of the action against the surety. Id., 352. The court rejected this contention. Id., 354.
The court noted, at p. 350, "[a]lthough the plaintiff unsuccessfully moved to have the judgment of disciplinary nonsuit set aside, it did not take an appeal from the judgment rendered, and elected instead to pursue its rights against the remaining
defendant . . ." (Emphasis added.) Also, at page 354, the court stated, "[s]ince the defendant and the other obligors were ab initio sued jointly, the defendant has not been misled or injured by the nonsuit." This decision recognizes a plaintiff's right to elect to abandon a claim against one defendant by way of a disciplinary nonsuit while maintaining that claim against other defendants in the same action.
Therefore, the court's entry of a judgment of nonsuit terminates this appeal from probate only as to Donovan, and the appeal proceeds with respect to the other appellees.
Sferrazza, J. CT Page 562-J